Landry vs. Broussard.

## No. 1402.

### LEO LANDRY VS. SEMAR BROUSSARD.

Where there has been a destruction of titles to property, and a party wishing to
purchase goes to the original owner of the property for information, and he
disclaims title to the same, and joins in a deed relinquishing all claims to the
same, he is estopped from setting up title to the property against the party
whom he induced to purchase the same.

A PPEAL from the Twenty-fifth District Court, Parish of Vermilion.
 *Mouton, J.*

*Lewis L. Bourges* for Plaintiff and Appellant:

1. A plea of estoppel can not be maintained where it appears that the party,
   against whom the plea is directed, was ignorant of the truth relating to the
   matter which formed the subject of the plea. 33 An. 1194; 38 An. 813, 100.
2. A person, who, under the belief that a certain state of facts exists, and without
   any intention to defraud another, makes certain statements to that other per-
   son which induces him to do an act, is not estopped by those statements, which
   he believed to be true at the time. 34 An. 816; 10 Lea. (Tenn.) 406.
3. Two things are necessary to create an estoppel *en pais:* (1) An intent to defraud,
   or an assertion, known by the party who made it, to be false at the time he
   makes it; and (2), an injury caused to the person who pleads the estoppel by
   the assertion so made. 12 Wis. 112, 125; 105 Ill. 318; 104 Ill. 49; 150 Mass. 324; 80
   Ala. 145.
4. A vendee, who has recourse against his vendor for the reimbursement of his
   outlay, can not plead injury, and the vendee in this case can have such re-
   course

*White & Broussard* for Defendant and Appellee:

1. Claims which are shown by the face of plaintiff's petition to be fictitious, will
   not be considered as elements in determining the court's jurisdiction. 39 An.
   504; 38 An. 801.
2. A claim for damages in the shape of rent, should not be allowed in favor of a
   party who has consented to and acquiesced in his adversary's peaceable pos-
   session as an owner. 35 An. 1191; 5 La. 117; 42 An. 399.

The opinion of the court was delivered by

McENERY, J. The plaintiff obtained from the United States Gov-
ernment a patent to lots 1 and 2, Sec. 28, and lots 1 and 2, Sec. 34, in
T. 12, S. of R. 4 E., in the district of lands subject to sale at Opelou-
sas, Louisiana, containing 123 13.100 acres. This land the plaintiff
mortgaged to one Judice. The mortgage was foreclosed many years
ago, and the lots 1 and 2, Sec. 34, were sold according to the proces

verbal, with some town lots also mortgaged, in the town of Abbeville. Although the lots 1 and 2 in Sec. 28 do not appear in the process verbal, they were seized to satisfy the mortgage debt. The lots 1 and 2, Sec. 34, were described as containing the amount of land patented to the plaintiff. Daniel O. Bryan became the purchaser of the property, lots 1 and 6, Sec. 34, described as containing 123 13.100 acres, the amount of land in the patent. He took possession of all the property which was mortgaged, including lots 1 and 2, Sec. 28. Lots 1 and 2, Sec. 34, were inventoried as containing the above amount of acres, and at his succession sale, sold in the same manner. The property, lots 1 and 2, described as containing 123 13.100 acres, went through various transfers, all the purchasers taking possession of and acting as owners of lots 1 and 2, Sec. 28. The plaintiff during all these years lived in the neighborhood of the property, and was under the impression that lots 1 and 2, Sec. 28, had been sold to satisfy the mortgaged debt and purchased by Bryan. He was present at the sale. He at no time until the institution of this suit set up any claim to the property, or asserted any rights to it.

The courthouse in the town of Abbeville was destroyed by fire and valuable records destroyed. The titles to the property in controversy shared the same fate. In the transfer of property in the parish of Vermilion, it was, of course, necessary to be careful in the transfer of property, and, as far as possible, to reinstate deeds.

Semar Broussard, desiring to become the owner of the property in controversy, refused to purchase the same without a renunciation of title to lots 1 and 2, Sec. 28, by the plaintiff. Broussard, induced by the representations of the plaintiff, purchased from one Trasimond Babineux, for the price of $994, lots 1 and 2, Sec. 28, which had before this sale been omitted in the deeds in the several transfers, but described as to quantity.

In this sale, made in May, 1887, the plaintiff joined in the act of sale, and declared on his part as follows:

"And to these presents personally appeared and intervened Leo Landry, of said parish, the original owner of said land, and from whom said land and others had been seized in the suit of Judice vs. Leo Landry, and purchased by the late Daniel O'Bryan, at said sheriff sale, some twenty-two years ago; that since that time he laid no claim in and to the land herein conveyed, and ratifies said

sheriff's deed for said land, and abandons and relinquishes all claims, rights, titles and demands in and to the tract herein conveyed.''

This deed was read to the plaintiff, and a map of the land exhibited to him, and lots 1 and 2, section 28, pointed out to him.

After the execution of this deed he brought this petitory action to recover back said lots 1 and 2, section 28, on the grounds that the property had never been sold, and that the above declaration on his part was an error of fact, the existence of which he did not know when he appeared and signed said deed.

There was judgment below rejecting his demand, and he has appealed. The presence of the plaintiff at the first sale, over twenty-two years ago, his silence during the time of the various transfers of the property and its occupancy by the purchasers as owners, his final abandonment of all claim or title to it, and his belief that the property had been sold to satisfy the mortgage debt, lead us to believe, although there is no evidence of this fact, in consequence of the destruction of the records and the sheriff's deed, that the property was actually offered for sale and adjudicated to Bryant, and its omission by the description of the lots and sections was an error on the part of the sheriff in the process verbal, as the quantity of the land stated therein corresponds with the amount in the patent to the plaintiff.

Under this state of facts we are of the opinion that the plea of · estoppel must prevail. The records having been destroyed, the plaintiff was the person to give the defendant Broussard correct information as to the title to the property. He acted on this information, and purchased the property in controversy. Broussard obtained the information in good faith, and practiced no fraud or artifice on the plaintiff to obtain it.

It may be a hardship on the plaintiff to lose his property, but it is through his own fault and negligence, and he must bear it, as the defendant is innocent of any wrong, and purchased through the representations of the plaintiff. Where two innocent parties must suffer, he whose fault caused it must bear the infliction of the injury.

Judgment affirmed.